IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENIA M. WOODARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-0322 |
| | § | |
| GC SERVICES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Eugenia M. Woodard, sued GC Services, proceeding *pro se*. Woodard alleges that she was discriminated against on the basis of a disability. Woodard does not identify the disability except to say that she was under "mental and physical stress." Woodard alleges harassment at work and a refusal to "acknowledge and accommodate" her disability. Woodard alleges that a supervisor tried to get her fired, took away her non-work calls, put her with a different person every night, and told others that she would be fired. Woodard seeks reemployment, a promotion, a position in human resources, and lost wages.

The defendant, GC Services, has moved to dismiss. (Docket Entry No. 4). GC Services asserts that Woodard worked for only two weeks and that the attachments to her own complaint show that she was not fired but resigned. GC Services also argues that Woodard has failed to identify the disability she alleges was the basis of the harassment she describes. Woodard filed a response, (Docket Entry No. 5), but did not respond to the arguments in the motion to dismiss.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.

Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).   When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)).

In this case, even taking into account the fact that Woodard is proceeding *pro se*, her complaint fails to state a claim. The complaint does not give GC Services fair notice of the basis for her claim. Woodard has not even identified her disability. And many of the supervisory acts she describes, such as taking away nonwork calls, do not allege an adverse employment action. The motion to dismiss is granted, without prejudice and with leave to amend. Woodard must file an amended complaint that provides fair notice of the basis of her claims and states claims on which relief can be granted under the applicable law, no later than **March 29, 2010**.

SIGNED on March 5, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge