IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENIA M. WOODARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-0322 |
| | § | |
| GC SERVICES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Eugenia M. Woodard, sued her former employer, GC Services, proceeding *pro se*. Woodard alleges that she was discriminated against on the basis of a disability. This court previously granted GC Services's motion to dismiss because Woodard had not identified a specific disability or an adverse employment action that was taken against her. (Docket Entry No. 6). The dismissal was without prejudice and Woodard was given an opportunity to amend. Woodard filed a document titled "Response to Defendants Motion To Dismiss for Failure To State Claim Amended." (Docket Entry No. 7). GC Services does not dispute that this should be treated as an amended complaint. In the document, Woodard alleges that she suffers from Reflex Sympathetic Dystrophy ("RSD") and that GC Services "violated her rights under American With Disabilities Act of 1990 by not providing the necessary accommodations for her disability." (*Id.* at 1). GC Services has filed a renewed motion to dismiss. (Docket Entry No. 8). The motion argues that Woodard has not sufficiently pleaded that she suffers from a disability and that she has not alleged any adverse employment action. Woodard has not filed a response.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . .").

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. (citing *Twombly*, 550 U.S. at 556).

The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964–65); *see also S. Scrap Material Co. v. ABC Ins.*

*Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965), *cert. denied*, 129 S. Ct. 1669 (2009).  "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1966).

Courts apply "less stringent standards to parties proceeding *pro se* than to parties represented by counsel and liberally construe the briefs of pro se litigants."  *Sanders v. Barnhart*, 105 Fed. App'x 535, 536 (5th Cir. 2004) (citing *Grant v. Cuellari*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (per curiam) (holding that pleadings filed by a *pro se* litigant are "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"(internal citation omitted)).

In this case, considering that Woodard is proceeding *pro se*, her amended complaint is sufficient to state a claim for failure to provide reasonable accommodation.[1]  The ADA requires employers to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability, who is an applicant or employee."  42 U.S.C. § 12112(b)(5)(A).  To state a claim for failure to accommodate, the plaintiff must allege facts showing that she is qualified for the job, that she has a disability, that she made her limitations and needed accommodations known to the employer (or that they are obvious), and that the employer failed to

---

[1] To the extent Woodard continues to advance disparate treatment and harassment claims, those claims are dismissed.  Woodard has not made additional allegations concerning those claims since this court's first dismissal order.  *See Windhauser v. Bd. of Supervisors*, No. 08-30960, 2010 WL 114360, at *2 (5th Cir. Jan 12., 2010) (per curiam) (unpublished) ("A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment.")

provide these accommodations. *Id.*; *see also E.E.O.C. v. Chevron Phillips Chem.* Co., 570 F.3d 606, 615-22 (5th Cir. 2009); *Taylor v. Principal Fin. Group., Inc.*, 93 F.3d 155, 161-66 (5th Cir. 1996). Woodard's allegations that she suffers from RSD, that she submitted "proper documentation from her doctor and the [S]ocial [S]ecurity [A]dministration" that "outlined her condition and her required accommodation," and that GC Services did not provide the necessary accommodations are sufficient to state a claim, given the liberal construction appropriate for *pro se* complaints. *See Erickson*, 551 U.S. at 94, 127 S.Ct. 2197.

The motion to dismiss is denied.

SIGNED on April 27, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge