IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENIA M. WOODARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-0322 |
| | § | |
| GC SERVICES, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is an employment dispute. The plaintiff, Eugenia M. Woodard, proceeding *pro se*, sued GC Services Limited Partnership. Woodard worked for GC Services for 11 business days in March 2009. When Woodard sued in early 2010, she alleged that she was subjected to harassment at work and a refusal to "acknowledge and accommodate" her disability. This court granted a motion to dismiss, because Woodard had not identified a specific disability or adverse employment actions taken against her, but the dismissal was without prejudice and with leave to amend. (Docket Entry No. 6). Woodard amended. (Docket Entry No. 7). She alleged that she suffers from Reflex Sympathetic Dystrophy (RSD) and that GC Services Services "violated her rights under American With Disabilities Act of 1990 by not providing the necessary accommodations for her disability." (*Id.* at 1). GC Services filed a renewed motion to dismiss, (Docket Entry No. 8), which this court granted in part and denied in part. This court held that, considering that Woodard is proceeding *pro se*, her amended complaint was sufficient to state a claim for failure to provide reasonable accommodation under the ADA, 42 U.S.C. § 12112(b)(5)(A), for failing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual

with a disability, who is an applicant or employee." This court dismissed what were apparently disparate treatment and harassment claims because there were no allegations to support them. *See Windhauser v. Bd. of Supervisors*, No. 08-30960, 2010 WL 114360, at *2 (5th Cir. Jan 12., 2010) (per curiam) (unpublished) ("A failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment.").

GC Services has now moved for final summary judgment. It presented an extensive summary judgment record showing that at no point during her application process or during the brief period of her employment did Woodard tell anyone at GC Services about her disability, about limits on her ability to work, or about any accommodations she needed in the workplace because of the disability. GC Services presented summary judgment evidence that it did not learn about the disability until after Woodard has resigned and complained to the EOC and the Texas Workforce Commission. In response, Woodard has failed to identify or present summary judgment evidence that raises a fact issue as to whether GC Services knew of her disability or any accommodations she might need. As a result, summary judgment is granted and this case is dismissed by separate order. The reasons are set out in more detail below.

**I.     Background**

Woodard applied to work as a teleservices account representative at GC Services at the Houston Northwest office in February 2009. GC Services is a Houston-based debt collection company and teleservices provider. The summary judgment evidence shows that GC Services did not ask in its application about disabilities or any need for accommodation. Woodard did not provide any such information.

Woodard began working on March 9, 2009. She spent two days in orientation and then several days in client training. During that period, she did not provide any information to either trainer or anyone else about having a disability or needing any type of accommodation. She passed her written examination on the second try and moved to the collection floor for a two to three day period of learning from account representatives. During this period, Woodard received negative feedback from each of the several account representatives who tried to train her. She was offered a refresher training class but rejected the offer and complained about receiving it. On March 23, she resigned from GC Services. On August 7, approximately five months later, GC Services learned that Woodard had filed a complaint with the Texas Workforce Commission, claiming that she had RSD and that she had been discriminated against because of this disability.

In her response to the summary judgment motion, Woodard filed a statement describing her difficulties with her supervisors during the training. She argued that after she finished her training and proceeded to the floor, she was unable to perform certain tasks, but the supervisors did not assist her and instead asked her to return to human resources. She argued harassment in the form of having the calls monitored, having her headset taken during calls, and having notes typed in the computer on her accounts, as well as having to sit with a different employee every night. Woodard alleged that one employee became angry and yelled at her in front of other employees. Woodard acknowledged that she resigned rather than accept retraining because she did not feel she needed to retrain. She argued that the failure to provide assistance when she raised her hand for help forced her to resign.
(Docket Entry No. 23).

The undisputed evidence in the summary judgment record shows that Woodard provided no information to anyone at GC Services that she had RSD; that she had limitations resulting from RSD; or that she needed accommodations in the workplace as a result of her disability. The competent evidence shows no notice to GC Services, either during the application process or training. (*See* affidavit of Kim Bob, the GC Services recruiter, Docket Entry No. 21, Ex. A; affidavit of Latasha Walker, the GC Services trainer, *id.* at Ex. B). The personnel file contains no medical documentation or any statement at all about disability or a need for accommodation. (Docket Entry No. 21, Ex. A).

**II.    Analysis**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for

summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Section 12112(a) of the ADA states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Discrimination against "a qualified individual on the basis of disability includes: . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112 (5A). "EEOC regulations promulgated to implement the ADA define 'reasonable accommodation' as '[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position

held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position.'" *Chevron Phillips Chemical Co.*, 570 F.3d at 621 (citing 29 C.F.R. § 1630.2( o)(1)(ii)).

"An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *Taylor v. Principal Fin. Group*, 93 F.3d 155, 165 (5th Cir. 1996). "The employee must explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason, but the employee does not have to mention the ADA or use the phrase 'reasonable accommodation.' Plain English will suffice." *Chevron Phillips Chemical Co.*, 570 F.3d at 621 (citing EEOC "Requesting Reasonable Accommodation" in Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the ADA (Oct. 17, 2002), available at http:// www. eeoc. gov/ policy/ docs/ accommodation. html). "Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Id.*; *Taylor*, 93 F.3d at 165.

In this case, the undisputed summary judgment evidence is that the employee failed to request any accommodation or identify the need for any accommodation. Under such circumstances, the claim for failing to provide an accommodation must be dismissed. *Taylor*, 93 F.3d at 165; *Mendicino v. Dell Computer*, 54 Fed. Appx. 793 (5th Cir. 2002). GC Services's motion for final summary judgment is granted.

Woodard also moved to refer this case to ADR. Given the absence of triable issues, and given the positions on mediation the parties have taken, there is no basis for a referral to a mediator. The motion, Docket Entry No. 24, is denied.

## III. Conclusion

The motion for summary judgment is granted; the motion for referral to a mediator is denied. Final judgment is entered by separate order.

SIGNED on September 30, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge